IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARANCE TUSKONAI GOULD, | : |
| Plaintiff, | : CIVIL NO. 1:12-CV-1310 |
| v. | : Hon. John E. Jones III |
| TIOGA COUNTY PRISON, *et al.*, | : |
| Defendants. | : |

## **MEMORANDUM**

July 31, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Tarance Tuskonai Gould ("Plaintiff" or "Gould"), a state inmate presently confined at the State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania, initiated the above action *pro se* by filing a document styled as an "Official Complaint" against the Tioga County Prison in Wellsboro, Pennsylvania. His filing has been docketed as a civil rights Complaint under the provisions of 42 U.S.C. § 1983. In his filing, Gould states that he wishes to pursue a "criminal allegation violation against any and all individual[s] by pressing charges so that appropriate action may occur" based upon his claims that his money was stolen from him during his confinement at the Tioga County Prison.

Gould has requested leave to proceed *in forma pauperis* in this matter. (Doc.

5.) For the reasons set forth below, Gould's request for *in forma pauperis* status will be granted for the sole purpose of initiating this action, and this case will be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. ALLEGATIONS OF THE COMPLAINT

In his Complaint, filed on July 9, 2012, Gould alleges that, on two occasions during his confinement at the Tioga County Prison ("TCP"), money was stolen from him. He alleges that the first theft occurred shortly after his arrival at the TCP following his arrest on August 20, 2011. (Doc. 1 at 1 ¶ 1.) He explains that, at the time of his commitment to the facility, he had $270.50 in his possession. (*Id.*) Gould signed a receipt to withdraw $120.00 to give to his brother to pay for his travel back to Atlantic City, New Jersey, thus leaving $150.50 in his inmate account. (*Id.*) However, the next day when Gould requested a $20.00 phone card, he learned that his money had been confiscated by Deputy Warden Spike, but Gould never received a confiscation form or a reason why his money was "confiscated." (*Id.* at 2 ¶ 2.) Nevertheless, Gould states that his money was returned to him approximately six months later after the attorney representing him in his criminal case made an inquiry. (*Id.* at 3 ¶ 4.)

Gould alleges that the second theft involved $300.00 that he received as a personal gift on April 22, 2012. (*Id.* at 3 ¶ 5.) He alleges that a TCP correctional officer signed a receipt for this money, and that, upon his receipt of this gift, Gould "dismissed ordering commissary" because he planned to use the money to participate in a drug and alcohol abuse program and to provide gifts for his children. (*Id.* at 4 ¶ 5.) Gould alleges that, upon his transfer from the TCP to SCI Camp Hill on May 8, 2012, Correctional Officer Reid Mike promised him that his $300.00 balance would be forwarded to the Pennsylvania Department of Corrections ("DOC"). (*Id.* at 5 ¶ 5.) He further alleges that, even though he wrote to TCP, as of the date of his Complaint, they had not sent his $300.00. (*Id.*) He states that he did not owe any debts to TCP and notes that he was subjected to racial discrimination during his time there. (*Id.*) He then alleges that this is a crime of theft under state and federal law and explains that he is filing this action as a "first step." (*Id.* at 5-6.)

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v.*

*Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In deciding whether the complaint fails to state a claim upon which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an

4

amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). As such, a § 1983 civil rights action is not a vehicle to pursue criminal charges. However, to the extent that Gould has filed the instant action to pursue a claim that the taking of his money by prison officials violated his right to procedural due process of law under the Fourteenth Amendment, we shall screen that claim here.

The Fourteenth Amendment prohibits States from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "'An unauthorized intentional deprivation of property' by prison officials does not violate

the Due Process Clause 'if a *meaningful* post-deprivation remedy for the loss is available.'" *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)) (emphasis added). Adequate post-deprivation remedies include the ability to file a state tort action or use of the prison's grievance process. *See Tapp v. Proto*, 404 Fed. Appx. 563, 567 (3d Cir. 2010). *See also Payton v. Horn*, 49 F. Supp. 2d 791, 795 (E.D. Pa. 1999), *abrogated on other grounds by, Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) ("Pennsylvania tort law offers a remedy for prison official's unlawful deprivation of an inmate's property. Therefore, Payton has failed to state a viable claim that his constitutional rights have been violated and cannot maintain a section 1983 action on this claim."); *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). As such, whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief through a civil rights complaint if he has adequate alternative remedies.

In applying this standard to Gould's allegation that $150.50 was taken from his inmate account, we find the fact that these funds subsequently were returned to him, albeit six months after they were taken, is fatal to any due process claim in that the

return of the money in full is the most adequate post-deprivation remedy possible.

With respect to Gould's allegation that, upon his transfer from the TCP to SCI Camp Hill, he had $300.00 in his inmate account that was not forwarded to his account at SCI Camp Hill, Gould has not alleged that a meaningful post-deprivation remedy, such as filing a grievance or a state tort action, is unavailable to him. He states that he "wrote" to the TCP (*see* Doc. 1 at 5), but he does not state that he filed a formal grievance, or even an inmate request form, either at his current institution or directed to the staff at the TCP, in order to expedite the transfer of the funds that allegedly were in his TCP account to his current inmate account. Moreover, Gould has an additional remedy available to him in that he could assert a loss of property claim in a Pennsylvania state court. Because it is apparent that Gould has these alternative remedies available to him, he fails to state a claim upon which relief may be granted under § 1983. Where alternative remedies are available, we also find that any attempt by Gould to amend his Complaint would be futile, *see Alston, supra,* 363 F.3d at 235, and therefore, our dismissal of the Complaint will be with prejudice.

An appropriate Order will enter on today's date.